IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois insurance company, and CONTINENTAL INSURANCE COMPANY, a New Hampshire insurance company,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin insurance company,<br><br>Defendant. | JUDGE GETTLEMAN<br><br>03C1455<br>Case No. _____<br><br>MAGISTRATE JUDGE GERALDINE SOAT BROWN |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Continental Casualty Company and Continental Insurance Company state the following for their Complaint against defendant, Northwestern National Insurance Company.

**NATURE OF ACTION**

1. This is a declaratory judgment action brought by Plaintiffs against Northwestern National Insurance Company, seeking a declaration concerning the scope of a "Commutation and Release Agreement" entered into in 1996.

**THE PARTIES**

2. Plaintiff Continental Casualty Company ("CCC") is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Illinois.

3. Plaintiff Continental Insurance Company ("CIC") is an insurance company organized under the laws of the State of New Hampshire, with its principal place of business in Illinois.

4. Defendant Northwestern National Insurance Company is an insurance company organized under the laws of the State of Wisconsin, with its principal place of business in Ohio. Northwestern National Insurance Company is sued herein in its own right, and as successor to Universal Reinsurance Corporation, Bellefonte Re Insurance Company, and Bellefonte Insurance Company. In this Complaint, Northwestern National Insurance Company is referred to in its own capacity and in its capacity as successor to Universal Reinsurance Corporation, Bellefonte Re Insurance Company, and Bellefonte Insurance Company as "NNIC."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because Plaintiffs and Defendant are citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND

### CCC and CIC Ownership

7. CCC and CIC are insurance companies.

8. At all pertinent times, CCC has directly and indirectly owned approximately 15 to 20 insurance companies. In turn, at all pertinent times, CCC has been directly owned by CNA Financial Corporation, an insurance holding company.

9. At all pertinent times, CIC has been directly owned by The Continental Corporation, an insurance holding company directly and indirectly owning approximately 25 to

2

30 insurance companies. In turn, at all pertinent times, CIC has itself directly owned several insurance companies.

11. In late 1995, CNA Financial Corporation purchased The Continental Corporation. Before this time, there was no owner relationship between CNA Financial Corporation and The Continental Corporation. At no time has there ever been an owner relationship between CCC and CIC.

## Reinsurance:
## Treaty and Facultative

11. Under a reinsurance contract, one insurance company, known as the "ceding company" or the "cedent," obtains insurance from another professional insurer, known as the "reinsurer," in order to transfer some or all of the insured risk the cedent has assumed. In this case, CCC was a cedent; and NNIC was a reinsurer. Separately, CIC was a cedent; and NNIC was a reinsurer.

12. Generally speaking, reinsurance contracts take two forms: (a) "treaty" reinsurance, which covers a line or segment of the cedent company's business over a period of time (e.g., reinsurance covering all directors' and officers' insurance policies issued by the cedent in 2002); and (b) "facultative reinsurance," which applies to a single policy issued by the cedent and is negotiated on an individual basis (e.g., reinsurance covering the specific directors' and officers' insurance policy issued by the cedent to XYZ Corporation on February 1, 2002).

13. In the 1960s, 1970s, and 1980s, NNIC entered into treaty reinsurance agreements with CCC. Separately, in the 1960s, 1970s and 1980s, NNIC entered into facultative reinsurance agreements with CCC. Also, in the 1960s, 1970s and 1980s, NNIC entered into facultative reinsurance agreements with CIC.

3

14. In the reinsurance industry, a "commutation" is an agreement whereby existing reinsurance contracts are bought back and terminated. Under the typical commutation agreement, the reinsurer pays the cedent a negotiated amount, in exchange for the cedent's agreement that particular reinsurance agreements are terminated, such that the reinsurer will have no further liability to the cedent under those reinsurance agreements.

**Commutation Agreements**
**Negotiated by CCC and NNIC**

15. In or about 1990, CCC entered into a Commutation Agreement with NNIC ("the 1990 Commutation"). The 1990 Commutation Agreement concerned a specific set of treaty reinsurance agreements which NNIC had issued to CCC.

16. During their discussions leading up to the 1990 Commutation Agreement, CCC and NNIC agreed to carve out from that commutation certain treaty reinsurance agreements NNIC had issued to CCC. Those treaty reinsurance agreements were left for a future negotiation.

17. Several years after the 1990 Commutation Agreement, CCC and NNIC began negotiations for a new commutation agreement that would concern treaty reinsurance agreements not included in the 1990 Commutation Agreement.

18. In or about May 1996, CCC and NNIC entered into a Commutation Agreement which specifically covered "Treaty Reinsurance Agreements" which NNIC had issued to CCC and its affiliates in the 1960s, 1970s, and 1980s ("the 1996 Commutation").

19. In the 1970s, NNIC had issued facultative reinsurance agreements to CIC and other insurance companies owned by The Continental Corporation.

4

20. On its face, the 1996 Commutation Agreement does not apply to facultative reinsurance agreements issued by NNIC to CIC or other insurance companies owned by The Continental Corporation.

20. The facultative reinsurance agreements issued by NNIC to CIC and other insurance companies owned by The Continental Corporation were never the subject of the negotiations between CCC and NNIC leading to the 1996 Commutation Agreement.

21. Nevertheless, over the past 18 months, NNIC has disclaimed liability under facultative reinsurance agreements NNIC issued to CIC and other insurance companies owned by The Continental Corporation, contending that such facultative reinsurance agreements were terminated pursuant to the 1996 Commutation Agreement.

22. As a result, NNIC has refused to pay approximately $2.6 million billed by CIC under facultative reinsurance agreements NNIC issued to CIC and other insurance companies owned by The Continental Corporation.

## COUNT I – DECLARATORY JUDGMENT

23. CCC and CIC restate and reallege the allegations set forth in Paragraphs 1-22 above, as if set out in full herein.

24. CCC and CIC contend that the 1996 Commutation Agreement does not apply to facultative reinsurance agreements issued by NNIC and its predecessors to CIC and other insurance companies owned by The Continental Corporation.

25. NNIC disputes the position of CCC and CIC described in Paragraph 24 above.

5

26. Pursuant to 28 U.S.C. § 2201, an actual controversy exists between CCC and CIC, on the one hand, and NNIC, on the other hand, respecting the scope of the 1996 Commutation Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, as follows:

(a) A declaration that the 1996 Commutation Agreement does not apply to facultative reinsurance agreements issued by NNIC to CIC and other insurance companies owned by The Continental Corporation;

(d) Attorneys' fees and costs; and

(e) Such other relief as the Court deems just, including any further relief authorized under 28 U.S.C. § 2201.

_____

William M. Sneed
Melville W. Washburn
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street, # 5000
Chicago, IL 60603
312-853-7000

Attorneys for Plaintiffs Continental Casualty
Company and Continental Insurance Company

6

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Continental Casualty Company and
Continental Insurance Company

**DEFENDANTS**
Northwestern National Insurance Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook (IL)
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Butler (OH)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Melville W. Washburn
Sidley Austin Brown & Wood
10 South Dearborn Street
Chicago, IL 60603    (312) 853-2070

ATTORNEYS (IF KNOWN)

JUDGE GETTLEMAN
MAGISTRATE JUDGE GERALDINE SOAT BROWN
03C1455
DOCKETED FEB 28 2003

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Judgment action addressing insurance commutation agreement and seeking more than $75,000, exclusive of costs and interests. 28 U.S.C. § 1332

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ 75,000+
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

**VIII.** This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE: 2/26/03
SIGNATURE OF ATTORNEY OF RECORD: Melville W. Washburn

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division



Double click on question mark for appearance form instructions

In the Matter of

Continental Casualty Company and Continental Insurance Company

v.

Northwestern National Insurance Company

**JUDGE GETTLEMAN**



Case Number: 03C1455

MAGISTRATE JUDGE GERALDINE SOAT BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Continental Casualty Company and Continental Insurance Company

| (A) | (B) |
|---|---|
| SIGNATURE: /s/ Melville W. Washburn | SIGNATURE: |
| NAME: Melville W. Washburn | NAME: |
| FIRM: Sidley Austin Brown & Wood | FIRM: |
| STREET ADDRESS: 10 South Dearborn Street | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60603 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 853-2070 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: ARDC #6915497 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

DOCKETED FEB 28 2003

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |